■ In the Matter of PAUL G. NGOBENI, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [831 NYS2d 736]—

Per Curiam. Respondent was admitted to practice by this Court in 1995 and is also admitted in Connecticut and Massachusetts. He has maintained a residence in Putnam, Connecticut.

The Superior Court of Connecticut suspended respondent by order dated December 19, 2005 for failing to appear at a continued disciplinary hearing. Respondent had been charged with failing to pay the fee of a professional witness, failing to communicate with clients, neglecting clients' claims, failing to return a client file, and failing to keep his clients' property safe. It also appears that he has several criminal charges pending in Connecticut involving forgery, larceny and practicing law while his license is suspended.

Furthermore, respondent has been reciprocally suspended by order of the Supreme Judicial Court of the Commonwealth of Massachusetts, dated March 16, 2006, and by the United States Department of Justice by order dated February 24, 2006.

Petitioner moves for an order imposing reciprocal discipline based upon respondent's suspension in Connecticut (*see* 22 NYCRR 806.19). We grant petitioner's motion and conclude that respondent should be reciprocally suspended (*see Matter of Schwartz*, 290 AD2d 802 [2002]).

Cardona, P.J., Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that petitioner's motion for reciprocal discipline is granted; and it is further ordered that respondent is suspended from the practice of law, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).